HEATHER E. WILLIAMS, #122664
Federal Defender
LINDA C. ALLISON, #179741
Chief Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700

Attorney for Defendant
Clifford Ross Beattie

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD BEATTIE,<br><br>Defendant. | Case No. 16-cr-0172 AC<br><br>DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM<br><br>Date: June 22, 2017<br>Time: 2:00 p.m.<br>Judge: Hon. Allison Claire |

The defendant has previously filed a sentencing memorandum and files this supplemental only to address some of the issues raised in the government's sentencing memorandum.

**RESTITUTION**

The authority to order restitution in any case is not an inherent power of the courts, it is conferred by statute. See *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007). There are three statutes that give the Court authority to order restitution. 18 U.S.C. § 3663A provides that restitution is mandatory, without regard to the defendant's ability to pay, in certain enumerated cases. That statute is not applicable to this sentencing hearing. 18 U.S.C. § 3663 grants the Court discretion to order restitution in for convictions in other enumerated offenses. That statute is also not applicable to this sentencing hearing. 18 U.S.C. § 3563(b) provides authority for ordering restitution as a condition of probation. This is the statute the government is asking the Court to rely on for authority to order restitution in this case. This statute, however,

does not provide the authority to order the restitution that the government has asked for.

In *Hughey v. United States*, 495 U.S. 411, 420 (1990), the Supreme Court held that a defendant could only be required to pay restitution to victims of the offenses for which he was convicted. This limitation was abrogated by subsequent amendments to 18 U.S.C. § 3663, which provided that restitution could be ordered for losses beyond those caused by the offense of conviction if the offense has conspiracy, scheme, or pattern of conduct as an element. *See* 18 U.S.C. § 3663(b); *see United States v. Thomsen*, 830 F.3d 1049, 1064 (9th Cir. 2016). Otherwise, *Hughey* "continue[s] to prohibit the inclusion of 'loss [not] caused by the specific conduct that is the basis of the offense of conviction.'" *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999) (quoting *Hughey*); *see also United States v. Gamma Tech Indus.*, 265 F.3d 917, 927 n.10 (9th Cir. 2001) ("The *Hughey* rule still applies, however, where the defendant has not been convicted of an offense having a conspiracy, scheme or pattern of conduct as an element.")

Here, Beattie was only convicted on Count 3, removing any natural feature or other property of the United States, under 16 U.S.C. § 551 and 36 C.F.R. § 261.9(b). This offense does not include any element of conspiracy, scheme, or pattern of conduct that would allow for restitution beyond that which was caused by the underlying specific conduct. Furthermore, because the specific conduct involved in Beattie's sole conviction is simply the removal of property of the United States, he cannot be made to pay restitution related to the conduct underlying the counts he was not convicted of, i.e., theft (Count 1), spraying hot sparks (Count 4), and causing a forest fire (Count 5). Thus, there is no basis for ordering restitution for costs associated with the Wrights Fire.

Although the probation statute, 18 U.S.C. § 3563(b) states that discretionary restitution in probation is "not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)," 18 U.S.C. § 3563(b)(2), this provision has been interpreted as allowing restitution for offenses not among those listed in §§ 3663 or 3663A, *see Gamma Tech*, 265 F.3d at 924 n.7. The provision does not, however, "alter [the] analysis of whether a court may order restitution for losses not caused by the offense conduct," *United States v. Varrone*, 554 F.3d 327, 334 n.7 (2d Cir. 2009), and section

3563(b)(2) does not authorize restitution for losses caused by offense conduct that Beattie was not convicted of, *see United States v. Batson*, 608 F.3d 630, 636-37 (9th Cir. 2010).

**CONDITIONS OF PROBATION**

The government has asked that as a condition of court probation, Mr. Beattie be "banned" from the Eldorado National Forest. This condition of probation is completely unworkable given that Mr. Beattie lives in South Lake Tahoe. The defense will provide a map of the area at sentencing to illustrate how unworkable such a ban would be since unless he was planning to travel by boat, Mr. Beattie would have to enter the forest to leave South Lake Tahoe. Furthermore such a condition is not sufficiently related to the offense conduct in the offense of conviction.

18 U.S.C. § 3563(b)(6) allows for a court to require that a defendant "refrain from frequenting specified kinds of places" as a special condition of probation. However, a court may only impose such requirements "to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in [18 U.S.C.] section 3553(a)(2)." 18 U.S.C. § 3563(b). Section 3553(a)(2) states that a sentence should reflect the seriousness of the offense, adequately deter future criminal conduct, provide just punishment, protect the public, and afford the defendant effective correctional treatment. 18 U.S.C. § 3553(a)(2). These factors "relate[] directly to the *crime of conviction*." *United States v. Smith*, 972 F.2d 960, 962 (8th Cir. 1992) (emphasis added). Ultimately, the sentence must be "sufficient, but not greater than necessary," to effectuate these purposes. 18 U.S.C. § 3553(a)

A total ban from Eldorado National Forest is unreasonable given the crime of Mr. Beattie's conviction and far greater than necessary to serve the purposes of section 3563(b). Mr. Beattie was convicted of Count 3 of the Superseding Information, 16 U.S.C. § 551 and 36 C.F.R. 261.9(b), Removing any Natural Feature or Other Property of the United States, for removing parts of an old phone line in Eldorado National Forest. Violation of 16 U.S.C. § 551 is a class B misdemeanor and the severity of a wholesale ban from Eldorado is not reflective of the offense.

This is borne out by an examination of other cases in which the defendant committed a crime on National Forest land and was prohibited in some way from accessing such land as a special condition of probation. In *United States v. Tellstrom*, No. 3:12-mj-00014-CMK, 2013 U.S. Dist. LEXIS 52520 (E.D. Cal. Apr. 11, 2013), the defendant was convicted on 3 counts for damaging and cutting trees, building a road, and damaging United States property in Shasta Trinity National Forest. For this, he received a special condition of probation prohibiting him from using the specific road where the offense occurred. *See id.* at *29. And in *United States v. Wyatt*, 135 Fed. Appx. 16 (9th Cir. 2005), the defendants were convicted on 2 counts for aiding and abetting the use of a hazardous device with the intent to obstruct timber harvest and maintaining an authorized structure on federal land. As a probation condition they were prohibited from entering National Forest land except when accessing wilderness areas. *See id.* at 19. There are cases from other circuits that are similar to *Tellstrom* and *Wyatt* in that defendants with more serious offenses of conviction than Mr. Beattie received less severe prohibitions on access to National Forest land than the complete ban that the government is recommending here. *See United States v. Patzer*, 15 F.3d 934 (10th Cir. 1993) (imposing on a defendant convicted of outfitting on National Forest Service land, filming without special use authorization, and outfitting without a license a special condition of probation prohibiting him from outfitting and recreational activity on National Forest land); *see also United States v. Williams*, No. 06-cr-00374-WYD, 2009 U.S. Dist. LEXIS 116735 (Dec. 1, 2009 D. Colo.) (imposing on a defendant convicted of 3 counts of interference with a Forest Service Officer, 2 counts of conducting a service without authorization, 1 count of unauthorized construction, and 1 count of damaging US property a special condition excluding her from National Forest lands within a half-mile radius of her former mining claims and from specific trails).

Given Mr. Beattie's sole conviction for removing the old phone line from Eldorado, the total ban from Eldorado National Forest is not warranted. Even if a prohibition on access to National Forest land were imposed, it should be reasonably limited in scope and more closely related to the location of the offense as in the previously mentioned cases. "Conditions that

restrict a probationer's freedom must be especially fine-tuned." *United States v. Tolla*, 781 F.2d 29, 34 (2d Cir. 1986). The government's recommended probation condition lacks this fine tuning, is not reflective of the seriousness of the offense, and unreasonable given the facts at hand. Moreover, a complete ban from Eldorado would not serve the other purposes of section 3553(a)(2). The severity of such a ban would not be just punishment for Mr. Beattie given his lack of criminal intent. The charge he was convicted of was a strict liability crime, and Mr. Beattie was consistently open and forthright in his dealings related to the removed cable. His conduct does not warrant exclusion from the forest lands which he visits on a regular basis – lands with a total acreage of 596,724 acres, located close to his home and covering much of the route from South Lake Tahoe to Sacramento. Nor do Beattie's actions warrant the government's proposed ban for purposes of deterrence. His was an honest mistake and he will not be conducting similar removals from the forest in the future. Mr. Beattie removed the phone line at issue in this case in 2014 - three years ago. Since that time he has removed no further phone line from the national forest and he will agree not to remove any in the future.

Dated: June 20, 2017

                                        HEATHER E. WILLIAMS
                                        Federal Defender

                                        */s/* Linda C. Allison
                                        LINDA C. ALLISON
                                        Attorney for Clifford R. Beattie